UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHAN DIXON and
ROSA MILLER,

       Plaintiffs,

Case No. 11-15628

v.

Hon. John Corbett O'Meara

GMAC MORTGAGE, LLC, *et al.*,

       Defendants.

_____/

## ORDER GRANTING
## DEFENDANTS' MOTION TO DISMISS

Before the court is Defendants GMAC Mortgage, LLC; Mortgage Electronic Registration

Systems, Inc. ("MERS"); Federal Home Loan Mortgage Corporation ("Freddie Mac"); and

Specialized Loan Servicing LLC's motion to dismiss, filed December 30, 2011. The court

scheduled oral argument for March 8, 2012; however, when Plaintiffs failed to file a timely

response to the motion, the court cancelled oral argument. Without leave of court, Plaintiffs

filed a late response on March 23, 2012. Defendants GMAC Mortgage, MERS, and Freddie

Mac submitted a reply brief on April 6, 2012; Defendant Specialized Loan Servicing ("SLS")

filed an objection to Plaintiffs' response on April 12, 2012.

The court is not inclined to consider Plaintiffs' late response brief. The court concludes,

moreover, that Plaintiffs' complaint cannot survive Defendants' motion to dismiss.

Plaintiffs Stephan Dixon and Rosa Miller seek to quiet title to property in Warren,

Michigan, in their favor. On March 25, 2007, Plaintiffs received a loan from GMAC Mortgage

in the amount of $268,000. At closing, Plaintiffs executed a note and mortgage. See Defs.' Exs.

B, C.  The mortgage designated MERS as the mortgagee, acting as a nominee for the lender

(GMAC Mortgage) and its successors and assigns.  Plaintiffs allege that the note was assigned to

Freddie Mac (and SLS as the servicer), but the assignment was not recorded.  Plaintiffs contend

that "Defendant MERS and GMAC effectively split the Title from the Note, rendering the

Mortgage a nullity." Compl. at ¶ 13.  As a result, Plaintiffs argue, it "would be inequitable to

permit Defendants to foreclose upon the alleged mortgage and note when such are void as a

matter of law." Id. at ¶ 17.  There is no allegation that Defendants have attempted to foreclose at

this time, although Plaintiffs do not dispute that they are in default.

Plaintiffs' claim that the mortgage and note are void fails as a matter of law.  As

explained in Golliday v. Chase Home Finance, LLC, 2011 WL 4352554 (W.D. Mich., Aug. 23,

2011):

> Over the twenty years that MERS has existed, borrowers who
> default on their loan obligations have attempted, without success,
> to attack the validity of the mortgage based on the involvement of
> MERS.
>     Plaintiffs in the present case take a page from this now
> soundly repudiated play book.  Reprising a common claim, they
> assert that the separation of the debt from the security at the time
> of its creation rendered the transaction void *ab initio*.  This
> argument is based on misunderstanding of the general legal
> principle that a promissory note and the mortgage securing that
> note are "inseparable," and that one cannot be assigned without the
> other.  The courts have uniformly held, however, that this
> "separation" argument is unavailing to mortgagors trying to
> invalidate a mortgage written in favor of MERS, for the simple
> reason that there is no separation of the debt from the security.
> The debt is held by the lender, and the security is held by the
> lender's nominee, MERS, *as the lender's agent*.

Id. at *7 (citations omitted and emphasis added).  See also Knox v. Trott & Trott, P.C., 2011 WL

1540340 (E.D. Mich., Apr. 21, 2011) (Battani, J.) (finding no authority for the position that "the

split in the mortgage and note renders the underlying debt a nullity").

Plaintiffs request leave to amend their complaint, suggesting that Defendants may not have "standing" to assert an interest in the note, which may be owned by the REMIC Trust. It is settled, however, that ownership of the note is not required to initiate foreclosure. See M.C.L. § 600.3204(1)(d) (foreclosure by advertisement statute); Residential Funding Co. LLC v. Saurman, 490 Mich. 909, 909-10 (2011) (as owner of an interest in the indebtedness – the security – MERS is entitled to foreclose by advertisement under Michigan law). Plaintiffs' "standing" claim does not provide an avenue for relief.

Therefore, IT IS HEREBY ORDERED that Defendants' December 30, 2011 motion to dismiss is GRANTED. Judgment will be entered in favor of Defendants.

s/John Corbett O'Meara
United States District Judge
Date: May 2, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 2, 2012, using the ECF system.

s/William Barkholz
Case Manager